```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

ERNESTINE L. ALI,            )
                             )
                Plaintiff,   )
                             )
     v.                      )    No.  08 C 5901
                             )
DET. COOROS GARY POLICE      )
DEPARTMENT,                  )
                             )
                Defendant.   )

## MEMORANDUM ORDER

Ernestine Ali ("Ali") has sued Gary, Indiana Police Detective Cooros in a pro se Complaint that also alleges some other events that may or may not have involved Cooros. Ali has accompanied her Complaint with an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), with each of those documents having employed a Clerk's Office-provided form that Ali has filled out in handwriting. This memorandum order is issued sua sponte because Ali's Complaint is problematic in more than one respect.

First, the conduct that Ali ascribes to Cooros does not rise (or fall) to the level required to set out a federal constitutional deprivation of any type that is cognizable under 42 U.S.C. §1983. And as to the other possibility of a federally-based claim, one based on the diversity of citizenship as between Ali and Cooros, there appears to be no way in which Ali's possible recovery in a successful trial would even approach the $75,000-plus amount-in-controversy level that is necessary for

federal subject matter jurisdiction under 28 U.S.C. §1332.[1]

Even if Ali were able to overcome one of those two subject matter jurisdictional hurdles, there also appears to be no predicate in venue terms for haling Detective Cooros into this federal district court under Title 28's venue provisions (even leaving aside any question of his being amenable to personal jurisdiction here). Because Detective Cooros is presumably an Indiana resident, and because the conduct about which Ali complains was also Indiana based, the venue provisions of Section 1391(a) or (b) (as the case may be) would call for the filing of this action in the Northern District of Indiana rather than in this district.

Accordingly this action is set for an initial status hearing at 8:45 a.m. October 29, 2008. Unless Ali can at that time both identify (1) an appropriate basis for bringing suit in a federal rather than state court and (2) the predicate for filing such a suit in this judicial district rather than in the Northern District of Indiana, this Court will be constrained either to dismiss this action for lack of subject matter jurisdiction or to transfer the case under Section 1406 (whichever is appropriate). In the meantime no action will be taken on the Application or Motion (although the latter would have to be denied in any event

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

2

in its present form, because Ali has failed to provide the required information as to any efforts that she has made to retain counsel on her own).

                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: October 17, 2008